IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT WARD,                                    OPINION AND ORDER

        Plaintiff,                             16-cv-608-bbc[1]

   v.

DANE KIRK,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Plaintiff Robert Ward, a prisoner at Columbia Correctional Institution, has filed this pro se lawsuit against defendant Dane Kirk, a correctional officer, alleging that he violated plaintiff's constitutional rights by using unreasonable and excessive force when he threw a bag of crackers that hit plaintiff in the eye. Plaintiff has made an initial partial payment of the filing fee in accordance with 28 U.S.C. § 1915(b)(1), so his complaint is ready for screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. I conclude that plaintiff cannot proceed on his claim at this time because he has failed to adequately explain how he has been injured. However, I will give plaintiff an opportunity to file an amended complaint that states a viable claim.

    Plaintiff's complaint contains the following allegations, which, at this stage and for present purposes, I accept as true and read in the light most favorable to him. Perez v. Fenoglio, 792 F.3d 768, 774 (7th Cir. 2015).

---

[1] Because Judge Crabb is on medical leave, I am issuing this order to prevent an undue delay in the progress of the case.

1

ALLEGATIONS OF FACT

On May 27, 2016, plaintiff Robert Ward, a prisoner at Columbia Correctional Institution in Portage, Wisconsin, was in his cell during dinner time. He informed defendant officer Dane Kirk that he was missing his juice packet from his meal, and officer Kirk replied that he would bring one back shortly. A few minutes later defendant Kirk approached plaintiff's cell door and opened the trap to pass something into the cell. Plaintiff put out his hand to receive what he was being offered, and as soon as he touched it, defendant "pulled back and the juice packet and a bag of crackers split and broke and got everywhere." Defendant "became very upset and threw the bag of crackers into [plaintiff's] trap on [his] cell and hit [plaintiff's] eye. [Plaintiff] started to scream and [defendant] said fuck this shit and walked away." Another officer, Lt. Wiltizius, arrived and told plaintiff that he would be put on control status for trying to grab defendant through the trap and pull him into his cell. However, after viewing the video footage of the incident, Lt. Wiltizius conceded that it did not appear that plaintiff had in fact done any such thing. Plaintiff was not placed on control status. Defendant was removed from his post for the remainder of his time at Columbia Correctional Facility, and was gone two weeks later. Plaintiff was seen by prison health officials, who "flushed" his eye, and he is still seeing an eye doctor for follow-up medical care. Plaintiff states that he exhausted all administrative remedies and brought this suit against defendant Kirk for "unreasonable use of force while in prison."

OPINION

Plaintiff's claim is governed by the Eight Amendment's cruel and unusual punishments clause, which "prohibits the 'unnecessary and wanton infliction of pain' on prisoners." Outlaw v. Newkirk, 259 F.3d 833, 837–38 (7th Cir. 2001) (quoting Hudson v. McMillian, 503 U.S. 1, 5 (1992)). In cases alleging unreasonable or excessive use of force,

> the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. A court should examine a variety of factors in conducting this inquiry, including the need for an application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner. With regard to the last of these factors, *while significant injury is not required, a claim ordinarily cannot be predicated upon a* **de minimis** *use of physical force*.

DeWalt v. Carter, 224 F.3d 607, 619–20 (7th Cir. 2000) (citing Hudson, 503 U.S. at 7, 9-10) (internal citations and quotations omitted) (emphasis added). Thus, not every push, shove or "malevolent touch by a prison guard" can give rise to an Eighth Amendment claim. Hudson, 503 U.S. at 9. This court has noted that "[i]n excessive force cases, an injury must be more than trifling but prison officials are not free to inflict pain without cause so long as they are careful to leave no marks." Wheeler v. Dep't of Corr., No. 03-C-576-C, 2003 WL 23100288, at *4 (W.D. Wis. Nov. 14, 2003) (citing Williams v. Boles, 841 F.2d 181, 183 (7th Cir.1988)).

Plaintiff's limited allegations about his injury do not state a claim under this standard. Although there is no indication that force was reasonably necessary to effect any legitimate disciplinary purpose in this case, it is not clear that defendant's throwing a

3

bag of crackers constituted more than a *de minimis* use of physical force, nor is it clear what injury plaintiff suffered as a result. If plaintiff believes that defendant's actions in fact constituted an "unnecessary and wanton infliction of pain" that caused him injury that was "more than trifling," then he must provide the court with allegations supporting such a claim. Outlaw, 259 F.3d at 837; Wheeler, 2003 WL 23100288, at *4.

I am therefore dismissing plaintiff's complaint without prejudice, and giving him an opportunity to submit an amended complaint that complies with the Federal Rules of Civil Procedure and contains more detailed allegations. Plaintiff may have until January 27, 2017 to do so. Specifically, if plaintiff wishes to proceed with this claim, he should identify and explain what kind of pain or injury he suffered as a result of being hit in eye with the bag of crackers. He should also provide any additional factual allegations regarding what exactly defendant did to him, how and why he did it, and any other information or circumstances that might be relevant to understanding the incident that took place. Plaintiff is advised that if he files an amended complaint, and wishes to proceed with this lawsuit, his amended allegations must state a claim under the legal standards for excessive force explained above.

ORDER

IT IS ORDERED that

1. Plaintiff Robert Ward's complaint, dkt. #1, is DISMISSED without prejudice for failure to provide notice of his claims in accordance with Fed. R. Civ. P. 8.

2. Plaintiff may have until January 27, 2017 to file an amended complaint that complies with the Federal Rules of Civil Procedure. If plaintiff does not respond by January 27, 2017, I will dismiss the complaint for failure to state a claim upon which relief may be granted and will assess a "strike" in accordance with 28 U.S.C. § 1915(g).

Entered this 6th day of January, 2017.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge